B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Meagan Nicole Garrison | **DEFENDANTS**<br>East Perimeter Pointe Apts. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Meagan Nicole Garrison (Pro Se)<br>5904 Treecrest Pkwy.<br>Decatur, GA 30035 | **ATTORNEYS** (If Known)<br>Michael Scaljon |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The Defendant/Creditor, East Perimeter Pointe Apts., has "willfully" violated the "Automatic Stay" pursuant to 11 U.S.C. 362

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
1 ☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||| 
|---|---|---|---|
| NAME OF DEBTOR<br>Meagan Nicole Garrison || BANKRUPTCY CASE NO.<br>16-64402-JRS ||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia || DIVISION OFFICE | NAME OF JUDGE<br>James R. Sacca |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>X /s/ ||||
| DATE<br>11/17/2016 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Meagan Nicole Garrison ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:

__Meagan Nicole Garrison__
**Debtor**

__Meagan Nicole Garrison__
**Plaintiff**

vs.

__East Perimeter Pointe Apts.__
**Defendant**

Case No. __16-64402-JRS__

Chapter __7__

Adversary No.

Alice Moss
2016 NOV 17 PM 2:00
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

__Motion for Injunction/Sanction against East Perimeter Apts.
for violating the automatic stay pursuant to 11 U.S.C. 362__

I, Meagan Nicole Garrison, residing at 5901 Treecrest Pkwy, Decatur, Ga 30035 (East Perimeter Pointe Apts) am requesting Injunctive/sanction relief against my creditor, East Perimeter Pointe Apts. for "willfully" violating the automatic stay pursuant to 11 U.S.C. 362. They have "continued" with their collections practices regarding the debt (filing a "new" eviction Dispo case and abandoning the pre-bankruptcy filing Dispo case in DeKalb County GA Magistrate Court -- see Dispo warrant 16D96970 filed on 11/14/2016, however, the "automatic stay" has not been lifted by the court, nor the "Residential lease" has been rejected by the Ch. 7 Bankruptcy Trustee, nor has the creditor (East Perimeter Pointe Apts) file for an adversary proceeding to have the "automatic stay" lifted. Instead, the defendant filed a "New"

Dispo despite the automatic stay that is in effect. Courts have held that "willfull violation" of the automatic stay occurs when a creditor acts intentionally with knowledge of the automatic stay or knowledge of the bankruptcy in general. Even if the defendant/creditor, East Perimeter Pointe Apts., acted in ignorance of the bankruptcy, it will be deemed to have committed a willfull violation if it "thereafter acquired actual knowledge of the debtor's bankruptcy and failed to take steps to undo and correct the result." Furthermore, "Intent" is not a consideration for determing whether a creditor violated the automatic stay. Rather, it is enough that the creditor knows of the bankruptcy filing, engages in deliberate conduct that, it so happens, is a violation of the stay. East Perimeter Pointe Apts.' conduct involves "egregious," "intentional misconduct that is oppressive and outrageous," "fraudulent," "reckless," and in "bad faith." I pray to this court for relief in this matter -- 11 U.S.C. 362, 362(k), 362(k)(1) 362(h)

Signature: [signed]
Printed Name: Meagan Nicole Garrison
Address: 5901 Treecrest Pkwy, Decatur, GA 30035
Telephone Number: (504) 205-1297

**MAGISTRATE COURT OF DEKALB COUNTY**

# DISPOSSESSORY WARRANT

No. 16294270 54
Deposit Paid $ _____

**Plaintiff's Name and Address**
First Kimberly Pointe
3210 Sullivan RD
College Park GA 30337

VS.

**Defendant's Name and Address**
Meagan Garrison + All Others
590 P Treevest Pkwy
Decatur GA 30035

**Plaintiff's Attorney and Address**
Ga. Bar No. 711108
Michael Scallon
3210 Sullivan RD
College Park GA 30337

Personally appeared the undersigned who upon oath says that he is (owner), (attorney at law), (agent), (attorney in fact) for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in DeKalb County.

**FURTHER:**
☒ That said tenant fails to pay rent now due thereon;
☐ That tenant is holding said house and premises over and beyond the term for which the same was rented or leased to him;
☐ That said tenant is a tenant at sufferance;

The said owner desires and has demanded possession of said house and premises, and the same has been refused by the said defendant and affiant makes this affidavit that a warrant may issue for the removal of said defendant together with his property from said house and premises.

**PLAINTIFF PRAYS:**
(a) judgment for the past due rent in the amount of $ 4322.74 ;
(b) rent accruing up to the date of judgment or vacancy at the rate of $ 825— per Month .
(c) other Late Fee $675, Utilities $420, Attorney Fees $76, Court fee $24.

## SUMMONS

TO THE MARSHAL of the State Court of DeKalb County or his lawful deputies, GREETINGS:

The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 270, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia within seven (7) days from the date of service of the within affidavit and summons (or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally (orally means infront of a deputy clerk). If such answer is not made to said affidavit on or before the 23 day of NOV , 20 16 , a writ of possession shall issue instanter as by law provided, and a judgment by default will be taken against you for all rents demanded in the complaint.

**Witness, the Honorable Berryl A. Anderson, Judge of said Court**

Sworn to, subscribed and filed before me, this
November 14 , 20 16

By: RSWilliams
   Deputy Clerk

Affiant: JWallic
Phone No. 1-987-1576

## PROCESS SERVER — ENTRY OF SERVICE

I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of the same:
☐ Personally
☐ Defendant not found in the jurisdiction of this Court
☐ To a person sui juris residing on the premises (Name) _____
   Age ___ Wt. ___ Ht. ___
☒ By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed with adequate postage thereon, said copy containing notice to the Defendant(s) to answer at the place stated in said summons.

DATE OF SERVICE 11-16 , 20 16.

**ANTHONY FRANKLIN**

magdispo2008

```
TRANSMISSION VERIFICATION REPORT

                                        TIME  : 11/07/2016 19:31
                                        NAME  : THE UPS STORE 1096
                                        FAX   : 4049829478
                                        TEL   : 4049829584
                                        SER.# : U63274H4J759692


DATE,TIME                11/07 19:30
FAX NO./NAME             7709877847
DURATION                 00:00:32
PAGE(S)                  01
RESULT                   OK
MODE                     STANDARD
```

To: East Perimeter Pointe Apts management
Fax # (770) 987-7847
Nov. 7, 2016
From: Meagan N. Garrison
5901 Treecrest Pkwy.
Decatur, GA 30035

**IT IS ORDERED as set forth below:**

Date: October 28, 2016

_____
James R. Sacca
U.S. Bankruptcy Court Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA

IN RE:                              | CASE NO. 16-64402-JRS
                                    |
MEAGAN NICOLE GARRISON              | CHAPTER 13
                                    |
         Debtor.                    |

### ORDER VACATING DISMISSAL ORDER

On October 25, 2016, the Clerk's Office entered an order entitled "Order Dismissing Case – Conf. Denied for Failure to Fund Plan." (Doc. No. 20). Simultaneous with entry, Debtor filed a First Request to Convert from Chapter 13 to Chapter 7 and Amended List of Creditors (Doc. No.



## MAGISTRATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Case Number: 16D96970											November 16, 2016

East Perimeter Pointe   VS   Meagan Garrison

You are hereby notified that the above styled action is set for trial. You are required to appear at 9:00 AM on 11/23/2016 in Courtroom 1200 C of the DeKalb County Courthouse, 556 N. McDonough Street, Decatur, GA 30030.

Melanie Wilson, Clerk
Magistrate Court of Dekalb County

Meagan Garrison
5901 Treecrest PKWY
Decatur GA  30035

**DEKALB STATE/MAGISTRATE COURT**
**556 North McDonough St.**
**Decatur, GA 30030**
  Dispossessories - Suite 270
  (404) 371-2261
  www.ojs.dekalbcountyga.gov

Nov. 16, 2016

TO: DeKalb County Ga. Magistrate Court,

From: Meagan Garrison + Carneeda Garrison P.O.A. for Meagan Garrison
5901 Treecrest Pkwy.
Decatur, GA 30035
(504) 205-1297

FILED 2016 NOV 16 PM 3:0_ MAGISTRATE COURT DEKALB COUNTY C. Cost

Re: Case # 16D96970 (New case)
Case # 16D87084 (initial case - remains open)
East Perimeter Pointe Apts (plaintiff)
(Michael Scaljon attorney/agent)

This is to inform you that East Perimeter Pointe Apts (Michael Scaljon attorney/agent) has violated the US Bankruptcy automatic Stay by filing this "new" lawsuit (Dispo). My Ch. 13 Bankruptcy was filed on Aug. 17, 2016 and was granted an Order of Stay pursuant to Bankruptcy (16-64402) on Aug. 18, 2016. I converted my Ch. 13 Bankruptcy Case to a Ch. 7 Bankruptcy on Oct. 25, 2016, however, the Trustee "dismissed" my case by mistake on Oct. 25, 2016 (see order). On Oct. 28, 2016, U.S. Bankruptcy Court Judge James R. Sacca "vacated" the "Dismissal Order" and "re-instated" it in its "entirety". The "automatic Stay" is still in effect and the Trustee and the Court did not "lift" the automatic Stay or "cancelled" the lease. I will file a motion in Bankruptcy Court to inform them of this violation (injunction/sanctions) of the Bankruptcy Code of the "automatic Stay" on 11/17/16. Furthermore, all allegations from my answer from 16D87084 (initial case) complaint remains the same (house in disrepair).